UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason George and Timothy Gillen and their successors as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael Crabtree and his successors as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Marvin Hose and Bruce Carlson, and their successors as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>      Plaintiffs,<br><br>vs.<br><br>Jerke & Sons Construction Co. and Keith J. Jerke, individually,<br><br>      Defendants. | Civil File No: _____<br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees and Fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International

1

Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

2.      The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.      Defendant Jerke & Sons Construction Co. is a South Dakota business corporation with a registered address of 3902 North National Avenue, Sioux Falls, South Dakota, 57104.  Defendant Jerke & Sons Construction Co. is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4.      Defendant Keith J. Jerke is an individual and officer of Jerke & Sons Construction Co. who agreed to be personally liable to the Operating Engineers Local #49 Health and Welfare Fund.  Defendant Keith J. Jerke is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5.      This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7. The Funds re-allege incorporate by reference paragraphs 1-6 herein.

8. Defendant Jerke & Sons Construction Co. is bound to the South Dakota East River Builders Agreement with the International Union of Operating Engineers, Local No. 49 ratified on August 22, 2018, and expiring on August 31, 2021 ("CBA").

9. Defendant Keith J. Jerke executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement") individually and on behalf of Defendant Jerke & Sons Construction Co. The Welfare Participating Agreement provides that in executing the Welfare Participating Agreement, Defendant Keith J. Jerke agreed to bind Jerke & Sons Construction Co. and himself individually to the full and faith full performance of the Welfare Participating Agreement.

10. The Welfare Participating Agreement states that Defendants shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund and that Defendants agree to be bound to the terms of the Welfare Trust Agreement.

11. The CBA provides that Defendants are also bound to the terms of the Trust Agreements for the Funds (collectively referred to as "Trust Agreements").

12.     The CBA and Trust Agreements require Defendants to contribute every month contributions to the Funds in an amount set forth in the CBA for each hour worked by their employees covered by the CBA.

13.     The CBA provides that the contributions shall be made on the dates, in the form and manner in accordance with the rules and regulations as adopted by the Trustees of the said Funds.

14.     The Funds require Defendants to submit their monthly contributions on or before the fifteenth day of the month following the month in which the hours covered by the CBA were worked.  Further, the Funds provide Defendants with a monthly remittance report to be completed by Defendant setting forth the names of each employee that performed CBA covered work, the amount of CBA covered work performed, and the total due for contributions.  Such remittance report is required by the Funds to be accompanied with Defendants' monthly contribution payment.

15.     29 U.S.C. § 1059 requires employers such as Defendants to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

16.     If Defendants fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendants are liable for all of the hours worked by that individual for whom Defendants are unable to produce satisfactory records verifying the type of work being performed by that individual.

17.     The Trust Agreements require Defendants to pay liquidated damages when contributions are not timely submitted.

18. The Trust Agreements state that Defendants are liable for any attorneys' fees and expenses incurred by the Funds in pursuing the collection of delinquent contributions.

19. The Trust Agreements state that an employer is liable for interest on any unpaid contributions.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO SUBMIT REPORTS AND CONTRIBUTIONS

20. The Funds re-allege and incorporate by reference paragraphs 1-19 herein.

21. Defendants breached the terms of the CBA, Welfare Participating Agreement, and Trust Agreements by failing to submit the contributions for the period of November 2019 through February 2020.

22. Pursuant to the remittance reports submitted by Defendants for the period of November 2019 through February 2020, $18,614.12 is due and owing.

23. Defendants further breached the terms of the CBA, Welfare Participating Agreement, and Trust Agreements by failing to submit the remittance reports and contributions for the period of March 2020 through April 2020.

24. Upon information and belief, during the period of March 2020 through April 2020, Defendants employed individuals performing work covered by the CBA for which contributions may be due and owing and continues to do so.

25. Defendants are liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Defendants are unable to produce satisfactory records verifying the type of work performed by any such individuals.

26. Throughout the pendency of this litigation, remittance report forms and contributions will continue to become due on the 15th day of each month.

27. Every month, until this matter is resolved either through dismissal or judgment, Defendants will be obligated to remit fringe fund report forms as described above as required by the CBA and Trust Agreements and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

28. If Defendants fail to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Defendants' employees.

29. In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

30. Defendants should be enjoined from further refusal and failure to remit reports and contributions.

31. Pursuant to the CBA and Trust Agreements, Defendants are liable to the Funds for all attorneys' fees and expenses incurred by the Funds in enforcing their rights and collecting the amounts due.

32. Pursuant to the CBA and Trust Agreements, Defendants are liable to the Funds for interest on the unpaid contributions and liquidated damages for the period of November 2019 through April 2020 and any other month that becomes due and owing during the pendency of this litigation.

## COUNT II
## ERISA DAMAGES

33. The Funds re-allege incorporate by reference paragraphs 1-32 herein.

34. The Funds are entitled to liquidated damages under ERISA § 502(g), 29 U.S.C. § 1132(g).

35. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

36. Defendants are liable for interest charges on any unpaid contributions under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Jerke & Sons Construction Co. and Keith J. Jerke, individually, as follows:

1. For an order requiring Defendants to submit to Plaintiffs all remittance report forms for the period of March 2020 through April 2020 accurately and completely identifying all hours worked by their employees.

2. For an order requiring Defendants to submit to Plaintiffs all remittance report forms which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by their employees.

3. For judgment against the Defendant Jerke & Sons Construction Co. for all unpaid fringe benefit contributions disclosed to be to be due and owing to all Plaintiffs pursuant to any remittance report submitted by Defendants plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For judgment against the Defendant Keith J. Jerke, for all unpaid fringe benefit contributions disclosed to be to be due and owing to the Operating Engineers Local #49 Health and Welfare Fund pursuant to any remittance report submitted by Defendants plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

5. For an award of costs, disbursements and attorney fees according to law.

6. Such other and future relief as the Court deems just, equitable or proper.

Date: June 12, 2020

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED


By: s/ Amy L. Court
  Carl S. Wosmek (Atty. No. 300731)
  Amy L. Court (Atty. No. 319004)
  Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorney for Plaintiffs*

1240155.DOCX